UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR LAMAR BROWN,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 23-CV-5924 (JGLC)<br><br>**<u>ORDER OF SERVICE</u>** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is currently detained at the North Infirmary Command ("NIC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. By order dated August 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) requests that the named defendants waive service of summons; (2) directs the New York City Department of Correction ("DOC") to assist Plaintiff in identifying the Doe defendants; (3) orders Plaintiff to show cause, within 30 days of the day of this order, why his claims arising from events occurring before June 30, 2020, should be not dismissed as time-barred; and (4) denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later time.

## DISCUSSION

### A.      Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Defendants waive service of summons: (1) the City of New York; (2) NIC Warden (or former Warden) Ronald Miller; (3) Captain Moses #1881; (4) Correction Officer Mohamed #7586; (5) Correction Officer Omer #16031; (6) Correction Officer Porter #7592; (7) Correction Officer Wu #11367; (8) Correction Officer Kendall #9028; (9) Correction Officer Mendelsohn #17787; (10) Adjudication Captain Vasquez #404; and (11) Chief of Security Charlton Lemon.

**B.** *Valentin* **Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOC to identify the three Jane Doe Adjudication Captains who presided over Plaintiff's administrative hearings on the dates provided in the complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity and badge number of each Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] **The Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.**

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly named defendants to waive service.

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

C.      **Timeliness**

In his complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 arising from events that

occurred between May 2019 and the present. It appears that some of Plaintiff's claims are time-

barred. The statute of limitations for Section 1983 claims is found in the "general or residual

[state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d

76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that

period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a

plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v.

Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Plaintiff filed this action when he placed the

complaint into the prison mailing system on June 20, 2023. *See Walker v. Jastremski*, 430 F.3d

560, 562-64 (2d Cir. 2005) (under the prison mailbox rule, a motion is deemed filed when it is

given to prison officials for mailing). Plaintiff's claims arising from events occurring before June

30, 2020, are therefore untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.

Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition,

New York law provides that where a person "is under a disability because of . . . insanity at the

time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y.

C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y.

Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes,

tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable

to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The facts alleged by Plaintiff do not justify equitable tolling of his claims. **The Court therefore directs Plaintiff to show cause within 30 days of the date of this order** why his Section 1983 claims arising from events that occurred before June 30, 2020, should not be dismissed as untimely. Plaintiff should allege any facts demonstrating that these claims are

4

timely or that the doctrine of equitable tolling should apply to these claims. A declaration form is attached to this order.

**D.     Plaintiff's Motion for Preliminary Injunctive Relief**

Along with the complaint, Plaintiff submitted a proposed unsigned order to show cause for a preliminary injunction and temporary restraining order, as well as an affidavit in support of his motion. (ECF Nos. 4, 5.) To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this stage in the proceedings, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause (ECF No. 4) is denied without prejudice to renewal at a later date.

**E.     NYLAG Clinic**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among

other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following Defendants waiver service of summons: (1) the City of New York; (2) NIC Warden (or former Warden) Ronald Miller; (3) Captain Moses #1881; (4) Correction Officer Mohamed #7586; (5) Correction Officer Omer #16031; (6) Correction Officer Porter #7592; (7) Correction Officer Wu #11367; (8) Correction Officer Kendall #9028; (9) Correction Officer Mendelsohn #17787; (10) Adjudication Captain Vasquez #404; and (11) Chief of Security Charlton Lemon.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007. An "Amended Complaint" form is attached to this order.

**The Court directs Plaintiff, within 30 days**, to show cause why his claims arising from events that occurred before June 30, 2020, should not be dismissed as time-barred. A declaration form is attached to this order.

The Court denies Plaintiff's request for an order to show cause without prejudice to renewal at a later date. (ECF No. 4.)

Copies of the NYLAG Clinic's flyer, retainer, and intake form are also attached to this order.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 17, 2023
          New York, New York

                                          JESSICA G. L. CLARKE
                                          United States District Judge

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes   ☐ No

(check one)

___ **Civ.** _____ (   )

**I.**    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
ID#_____
Current Institution_____
Address_____
_____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1    Name _____ Shield #_____
Where Currently Employed _____
Address _____
_____

*Rev. 01/2010*

1

Defendant  No. 2          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black">Who did what?</div>

Defendant  No. 4          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.     Statement of Claim:

State as briefly as possible the underlined facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

<div style="border:1px solid black">What happened to you?</div>

D.     Facts:_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Was anyone else involved? |
| Who else saw what happened? |

_____

_____

_____

_____

_____

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

_____

_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?
_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.      Which claim(s) in this complaint did you grieve?
_____

_____

2.      What was the result, if any?
_____

_____

3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.      If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.      Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).   _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


                        Signature of Plaintiff      _____

                        Inmate Number             _____

                        Institution Address         _____

                                                    _____

                                                    _____

                                                    _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                        Signature of Plaintiff:   _____


*Rev. 01/2010*                          7



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
### New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                                      Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York** | **Legal Assistance Group**

**Name** _____    **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)** _____

---

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office                     Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package                Website                                  Friend/Family

Other _____

---

**Ethnicity (Circle One)**

Asian/Pacific Islander              Hispanic                     Caucasian

African American                    Middle Eastern               Decline to Answer

African                             Caribbean

Native American                     South Asian

---

**Education Level (Circle One)**

8th Grade or Less                   GED                          2-4 years of College/Vocational School

Some high school                    College graduate             Decline to Answer

High school graduate                Graduate degree

---

**Gender:** _____

---

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                          Signature

Name                                         Prison Identification # (if incarcerated)

Address                          City              State        Zip Code

Telephone Number (if available)              E-mail Address (if available)