Arthur Lamar Brown                                                January 05, 2024
C/O: 15-00 HAZEN STREET
     EAST ELMHURST, NY 11370
     B&C: 8852200038


      RE: Arthur Lamar Brown v. City of New York, et al.,
            1:23-cv-5924(JGLC)(SDA)


Stewart D. Aaron
U.S. Magistrate Judge
500 Pearl Street
New York, NY 10007


    On December 27, 2023, Defendant City of New York filed a Letter Motion (12/27/23 Ltr. Mot., ECF No. 24) requesting that the Court compel Plaintiff to execute releases pursuant to §160.50 and HIPPA, and the Court granted this request. By the time that this correspondence is received by the Court Plaintiff will have only partially complied with its Order and furnished the Cities Law Department with an executed HIPPA release.

## MOTION

    Plaintiff hereby requests that the Court reconsiders its previous Order and deny the Defendants request for an executed release pursuant to §160.50 for the following reasons;

## ARGUMENTS

    It is well established Law that <u>CPL 160.50</u> provides for the sealing of records relating to the arrest and prosecution of an accused upon the termination of a criminal proceeding in his favor. This section creates a statutory privilege intended to ensure confidentiality and protect an individual from the potential stigma resulting from a criminal matter (see, <u>Taylor v. New York City Tr. Auth.</u>, 131 AD2d 460, 462; <u>Maxie v. Gimbel Bros.</u>, 102 Misc 2d 296, 302; 1984 Opns Atty Gen 34). However, where an individual commences a civil action and affirmatively places the information protected by <u>CPL 160.50</u> into issue, the privilege is effectively waived (see, <u>Taylor v. New York City Tr. Auth.</u>, supra; <u>Gebbie v. Gertz Div. of Allied Stores of N.Y.</u>, 94 AD2d 165, 173-174;). In this case, Plaintiff clearly did <u>NOT</u> place in issue any



information protected by CPL 160.50 by commencing this civil action and asserting a cause of action for the deprivation of his inalienable rights and immunities that are secured by the U.S. Constitution.

The **records** concerning any criminal proceedings that were terminated in Plaintiffs favor and sealed are wholly irrelevant and do NOT bear on the Defendants defense in this suit. Thus, Plaintiff has NOT waived the privilege conferred by CPL 160.50, he is under no legal obligation to consent to Defendants procurement and examination of any sealed records, and his refusal to do so does not preclude him from prosecuting his civil rights cause of action. Furthermore, where Plaintiff was never made aware of Defendants Motion or given a chance to respond to challenge it in whole or in part, the Courts decision to grant Defendants request, as to CPL 160.50, was arbitrary and deprives Plaintiff of his constitutional rights to Due Process.

Counsel for Defendants City of New York, et al., have embarked on a fishing expedition. This is wholly evidenced by the fact that Plaintiff received a "Designation Of Agent For Access To Sealed Records" form that was bare of essential facts namely; a Docket or Indictment No., Forum name, County name, and Arrest date. And, in an apparent attempt to bully Plaintiff into waiving the protections of CPL 160.50, a letter accompanied said form which threatened to (1) withhold Valentin, and other, discovery to intentionally delay the proceedings and (2) ask the Court to issue an Order compelling the execution of said form, if Plaintiff did not fill out, sign, get notarized, and return said form to Defendants.

Even if Plaintiff were susceptible to such intimidation tactics Defendants still would have failed in that (1) there have been multiple arrests, docket and indictment numbers, in multiple counties, under multiple names (JOHN DOE), in multiple Courts, terminated in Plaintiffs favor and sealed, and none of the protected information, in any of these cases, was placed into issue by Plaintiff nor does such information bear on Defendants defense. In short, Plaintiff is not a psychic and does not intend to attempt to be (2) Plaintiff is not in the habbit of affixing his private signature and/or seal to the faces of blank forms (3) the legal coordinator will not notarize any documents that are not fully filled out and signed before them.

## CONCLUSION

If in light of the aforementioned facts the Court still refuses to reconsider its Order and deny Defendants request for

an executed release, pursuant to 160.50, Plaintiff hereby requests that (1) the Court furnishes him with a copy of Defendants Letter Motion (12/27/23 Ltr. Mot., ECF No. 24) so that he may know what legal facts were argued therein that gave the Court just cause to grant Defendants request as it pertains to sealed records (2) the Court compels Defendant to re-serve Plaintiff a "Designation Of Agent" form that is not devoid of the essential facts needed to identify the specific case from which the sealed records are sought i.e. the Docket or Indictment Number, Forum, and name of the County the Arrest and Prosecution took place in. In alleging the existance of sealed records that bear on their defense, it is wholly the burden of Defendants to provide this information not Plaintiffs.

    Lastly, on December 11, 2023, Plaintiff submitted the requested information needed for the Cities Law Department to identify the Name and Shield Number of NYCDOC Adjudication Captain JANE DOE #3 in his complaint. To date Plaintiff has not been furnished with this needed information and cannot Amend and submit his complaint until he does.

This concludes my correspondence. All rights reserved. Subscribed by my own voluntary act of hand on this 05 day of January, 2024.

                                    Respectfully submitted,

                                    Arthur Lamar Brown/Plaintiff

cc: Seamus O'Connor
    Assistant Corporation Counsel
    City of New York Law Department
    100 Church Street
    New York, NY 10007



Arthur Lamar Brown
C/C: 15-00 HAZEN STREET
EAST ELMHURST, NY 11370
B&C: 8852200038

PRO SE INTAKE UNIT
500 PEARL STREET, RM# 200
NEW YORK, NY 10007

RECEIVED
JAN 17 2024
PRO SE OFFICE

"LEGAL MAIL URGENT BUSINESS"