USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Arthur Lamar Brown,

                                 **Plaintiff,**

                -against-

City of New York, et al.,

                                 **Defendants.**

1:23-cv-05924 (JGLC) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

      The Court has before it a letter from Plaintiff Arthur Lamar Brown ("Plaintiff"), who is proceeding *pro se*, requesting the Court (1) to reconsider its previous Order, dated December 27, 2023, ECF No. 25 (the "Releases Order"), which ordered Plaintiff to execute releases pursuant to § 160.50 of the New York Criminal Procedure Law ("§ 160.50 Release") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA Release" and together with § 160.50 Release, the "Releases") or, in the alternative, furnish Plaintiff with a copy of the letter motion that Defendant City of New York (the "City") filed on December 27, 2023, (2) to receive the name and shield number of Adjudication Captain Jane Doe #3, and (3) to order the City to re-serve a 160.50 Release.[1]  For the reasons set forth below, Plaintiff's requests are GRANTED IN PART and DENIED IN PART.

## PROCEDURAL HISTORY

      On July 10, 2023, Plaintiff initiated this action by filing a Complaint against fourteen (14) Defendants for events arising from 2019 to the date the Complaint was filed. (Compl., ECF No. 1.)

---

[1] Plaintiff's letter was filed to the docket on January 17, 2024 at ECF No. 26 (hereinafter "Pl.'s 1/17/24 Ltr.").

On August 17, 2023, District Court Judge Clarke requested that Defendants waive service of the summonses issued and, directed the City, no later than October 16, 2023, to identify the three (3) unnamed Defendants (in their individual and official capacities)—Adjudication Captain Jane Doe #1, Adjudication Captain Jane Doe #2 and Adjudication Captain Jane Doe #3—pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (the "*Valentin* Order"). (Order of Service, ECF No. 9, Sections A-B.)  The City was ordered to supply the identities and badge numbers for these three individuals no later than sixty (60) days from August 17, 2023, which is October 16, 2023.  (*Id.*) Additionally, District Court Judge Clarke ordered Plaintiff to show cause why his claims arising under 42 U.S.C. § 1983 ("§ 1983") from events that occurred prior to June 30, 2020, should not be dismissed as untimely (the "Show Cause Order"). (*Id.* at Section C.)  Finally, District Court Judge Clarke denied Plaintiff's motion for preliminary injunctive relief. (*Id.* at Section D.)

On September 20, 2023, Plaintiff's response to the Show Cause Order was filed. (Decl. Arthur Brown, ECF No. 13.)  On October 13, 2023, the City filed an opposition to Plaintiff's response to the Show Cause Order.  (City 10/13/23 Resp., ECF No. 15.) On October 16, 2023, the City filed a letter requesting more time to comply with the *Valentin* Order until November 30, 2023. (Def.'s 10/16/23 Ltr., ECF No. 16.)  On October 31, 2023, City filed an Answer to the Complaint. (Answer, ECF No. 17.)

On November 17, 2023, District Court Judge Clarke ruled that Plaintiff's § 1983 claims arising from events that occurred before June 30, 2020 were time-barred and dismissed Defendants (1) Captain Moses #1881, (2) Correction Officer Mohamed #7586, (3) Correction Officer Omer #16031, (4) Correction Officer Porter #7592, (5) Correction Officer Wu #11367, (6) Correction Officer Kendall #9028, (7) Correction Officer Mendelsohn #17787, (8) Adjudication

Officer Jane Doe #1 and (9) Adjudication Officer Jane Doe #2 from the case with prejudice. (11/17/23 Order, ECF No. 18, at 3.) As a result, the remaining Defendants included: the City, Warden Ronald Miller (in his individual and official capacity), Adjudication Captain Vasquez #404 (in his individual and official capacity), Chief of Security Charlton Lemon (in his individual and official capacity) and Adjudication Captain Jane Doe #3 (in her individual and official capacity). (*See id*.) With respect to the City's request to extend its time to comply with the *Valentin* Order, the Court extended the deadline until November 30, 2023, and denied the *Valentin* Order for Adjudication Officer Jane Doe #1 and Adjudication Officer Jane Doe #2 as moot. (*Id*. at 3.) Further, the Court reminded Plaintiff that he must file an Amended Complaint thirty (30) days after receiving information responsive to the *Valentin* Order for Adjudication Captain Jane Doe #3. (*Id*. at 1.)

On November 28, 2023, the City filed a letter motion to compel Plaintiff to clarify who Plaintiff intended to bring this action against. (Def.'s 11/28/23 Letter Mot., ECF No. 19, at 1.) In an effort to identify Adjudication Captain Jane Doe #3 pursuant to the *Valentin* Order, the City stated that, after obtaining records from the New York City Department of Corrections ("NYC DOC"), the closest date in Plaintiff's records that aligned with the description in the Complaint was January 7, 2021, which involved Defendant Adjudication Captain Vasquez #404 and Correction Officer Maldonado #3538, both of whom are male. (*Id.* at 2.) The City sought clarification of whether Plaintiff intended to sue Defendant Adjudication Captain Vasquez #404 for both incidents, Correction Officer Maldonado #3538 for the January 7, 2021 incident, or if Plaintiff intended to sue different defendants for incidents that occurred on different dates. (*Id.*)

On November 29, 2023, District Court Judge Clarke ordered Plaintiff to clarify, no later than December 20, 2023, who he intended to sue per the City's request. (Order, ECF No. 20.) The Court also ordered the City to provide an updated response to the *Valentin* Order no later than January 22, 2024. (*Id.*) Further, the Court set the date for Plaintiff to file an Amended Complaint including the Jane Doe defendant no later than February 22, 2024. (*Id.*)

On December 22, 2023, Plaintiff's letter was filed wherein he clarified that he is suing Defendant Adjudication Captain Vasquez #404 for both incidents (*i.e.*, including January 7, 2021). (Pl.'s 12/22/23 Ltr., ECF No. 22). Plaintiff also clarified that, based upon his own knowledge and belief, the incident that involved Adjudication Captain Jane Doe #3 occurred on or about March 9, 2021. (*Id.*)

On December 26, 2023, this case was referred to me for general pretrial supervision (including scheduling, discovery, non-dispositive pretrial motions, and settlement) and all dispositive motions (*i.e.*, motions requiring a Report and Recommendation). (Order of Ref., ECF No. 23.) On December 27, 2023, the City filed a letter motion in which the City (1) identified Adjudication Captain Jane Doe #3 as Adjudication Captain Marshall # 319 and (2) moved to compel Plaintiff to execute the Releases after Plaintiff's refusal. (Def.'s 12/27/23 Ltr. Mot., ECF No. 24.)

In the Releases Order issued on December 27, 2023, this Court granted the City's letter motion to compel and ordered Plaintiff to furnish the New York City Law Department with executed versions of the Releases no later than February 22, 2024, and that failure to comply could result in a recommendation that this case be dismissed for failure to prosecute.

4

(ECF No. 25.)  This Court also ordered Plaintiff to file an Amended Complaint no later than February 22, 2024. (*Id.*)

On January 17, 2024, Plaintiff filed at ECF No. 26 the letter that is the subject of this Order. (Pl.'s 1/17/24 Ltr.)

## DISCUSSION

I. **Clarification Of Releases Order**

Plaintiff requests the Court to reconsider the Releases Order, which ordered Plaintiff to execute the Releases or, in the alternative, furnish Plaintiff with a copy of the letter motion that the City filed on December 27, 2023.  The Court (1) construes Plaintiff's motion to reconsider the Releases Order as a request for clarification and (2) because Plaintiff asserts that he already furnished the New York City Law Department with an executed HIPAA Release, limits its discussion to the § 160.50 Release. Plaintiff's request is GRANTED in part and DENIED in part.

Despite my prior Releases Order and his acknowledgment that "when an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived," Plaintiff objects to executing a § 160.50 Release because he says he "clearly did NOT place in issue any information protected by CPL 160.50 by commencing this civil action . . . ." (Pl.'s 1/17/24 Ltr. at 1-2 (emphasis in original).)

"Courts in this district have described the 'City's entitlement to secure the [NYCPL § 160.50] records of [a] prosecution so that it can fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with its preparation of an answer and later defense of th[e] suit.'" *Murray v. N.Y.C. D.O.C.*, No. 21-CV-06718 (LJL), 2023 WL 2647866, at *2 (S.D.N.Y. Mar. 27, 2023) (quoting *Cabble v. Rollieson*, No. 04-CV-09413 (LTS) (FM), 2006 WL 464078, at *8

5

(S.D.N.Y. Feb. 27, 2006)); *see also Basile v. City of New York*, No. 17-CV-09060 (ER), 2019 WL 4572812, at *6 (S.D.N.Y. Sept. 20, 2019) ("Because [plaintiff] has not signed the § 160.50 releases, the City cannot look at the records surrounding the incident.").

Therefore, it is well-established that Plaintiff must execute a § 160.50 Release to enable the City to access its own records. However, Plaintiff only shall be required to release those records relating to the underlying criminal prosecution that placed him in NYC DOC's custody giving rise to the allegations in the Complaint.  As provided in Part III of this Order below, the City shall furnish a § 160.50 Release to Plaintiff with the specific docket and/or indictment numbers for the records sought for Plaintiff's review and signature.

Plaintiff shall note that this is the Court's second Order stating that he is required to provide an executed § 160.50 Release, as limited above.  Failure to comply with this Court's Order to produce an executed § 160.50 Release may result in a recommendation that this case be dismissed.  *See Perez v. City of New York*, No. 02-CV-03670 (WK), 2003 WL 1992437, at *2 (S.D.N.Y. Apr. 2003) (dismissing complaint for failure to provide a § 160.50 release after ten months of delay).

Additionally and as Plaintiff requested, annexed to this Order is a copy of City's December 27, 2023 letter motion.

**II.     Name/Shield Number Of Adjudication Captain Jane Doe #3**

Plaintiff also requests the name and shield number of Adjudication Captain Jane Doe #3 because Plaintiff asserts that he has not yet been furnished with this information. (Pl.'s 1/17/24 Ltr. at 3.) Because the City identified this Adjudication Captain Jane Doe #3 as Adjudication Captain Marshall # 319 in its December 27, 2023 letter (*see* enclosed at page 2), Plaintiff's request

6

is DENIED as moot. Thus, the City thus is relieved of any further obligations under the *Valentin* Order.

**III.   Re-Serving A § 160.50 Release**

Plaintiff further requests that the City re-serve Plaintiff a "Designation of Agent form" (*e.g.*, a "Designation of Agent for Access to Sealed Records Pursuant § 160.50") that is "not devoid of the essential facts needed to identify the specific case from which the sealed records are sought." (Letter Motion at 3.) This request is GRANTED.

As set forth in Section I above, no later than January 30, 2024, the City shall provide the specific docket and/or indictment numbers for the records sought on the § 160.50 Release, re-serve Plaintiff a copy thereof and file a Certificate of Service with this Court. Further, no later than February 13, 2024, Plaintiff is ordered to execute and return the § 160.50 Release to the New York City Law Department.

**IV.   *Sua Sponte* Extension Of Time For Plaintiff To File An Amended Complaint**

To allow sufficient time for Plaintiff to prepare an Amended Complaint, the Court hereby *sua sponte* extends the time for Plaintiff to file an Amended Complaint from February 22, 2024, until March 15, 2024. As noted in prior Orders of the Court, Plaintiff's Amended Complaint shall include all of the defendants against whom he is asserting claims. Plaintiff again is cautioned that the Amended Complaint will completely replace the present Complaint and, therefore, Plaintiff must include all claims against any proper defendants he seeks to pursue in the Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each defendant named.

**CONCLUSION**

For the foregoing reasons, this Court hereby ORDERS as follows:

1. Plaintiff's request that the Court furnish him a copy of the City's December 27, 2023 letter motion to compel is GRANTED. Annexed hereto is a copy of the City's December 27, 2023, letter motion.

2. Plaintiff's request for the name and shield number of Adjudication Captain Jane Doe #3 is DENIED as moot and the City is relieved of any further obligations under the *Valentin* Order.

3. Plaintiff's request that the City re-serve Plaintiff with a "Designation of Agent for Access to Sealed Records Pursuant § 160.50" is GRANTED IN PART and DENIED IN PART. No later than January 30, 2024, the City shall provide the specific docket and/or indictment numbers for the records sought on the § 160.50 Release, re-serve Plaintiff a copy thereof and file a Certificate of Service with this Court.

4. No later than February 13, 2024, Plaintiff shall execute and return the § 160.50 Release to the New York City Law Department.

5. No later than March 15, 2024, Plaintiff shall file an Amended Complaint.

**SO ORDERED.**

DATED:   New York, New York
         January 23, 2024

_____
STEWART D. AARON
United States Magistrate Judge



| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOSEPH ZANGRILLI**<br>*Senior Counsel*<br>Phone: (212) 356-2657<br>Fax: (212) 356-3509<br>jzangril@law.nyc.gov |

December 27, 2023

**BY ECF**
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Arthur Lamar Brown, et al. v. City of New York, et al.
                23 Civ. 5924 (JGLC) (SDA)

Your Honor:

        I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and attorney for defendant City of New York in the above-referenced matter.[1] Defendant City writes to (1) provide a response to the Court's Valentin Order and (2) respectfully request the Court to compel Plaintiff to execute releases pursuant to § 160.50 and HIPPA by a date certain, and warn him that failure to comply could lead to dismissal for failure to prosecute.

        By way of background, Plaintiff brings suit alleging, *inter alia*, that on or around January 5, 2021, an unidentified Jane Doe DOC adjudication captain refused to allow him to enter statements or evidence, removed plaintiff from a hearing and allowed plaintiff to be tried in his absence. (See ECF No. 1 at 47). Plaintiff further alleges that the adjudication captain imposed a 30 day stay in "solitary confinement" and $25.00 surcharge. (Id. at 48). Thereafter, Plaintiff filed suit in the Southern District of New York. (Id.) On August 17, 2023, the Court ordered Defendant to waive service and directed Defendant to identify the unnamed Jane Doe officer and provide their identity to the Court and Plaintiff by no later than October 16, 2023. (See ECF No. 9). The Defendant requested an extension of this deadline to October 16, 2023, which, the Court granted. (See ECF No. 18).

---

[1] This case has been assigned to Assistant Corporation Counsel Seamus O'Connor, who is presently pending admission to the New York Bar and is handling this matter under my supervision. Mr. O'Connor may be reached directly at (212) 356-2337 or by email at seoconno@law.nyc.gov.

Defendant requested the Court to issue an Order directing Plaintiff to clarify who he was suing. (See ECF Dkt. No. 20). Thereafter, the Court issued its Order instructing Plaintiff to clarify who he is suing for the January 7, 2021 incident by December 20, 2023. (See id). Plaintiff wrote to the court on December 12, 2023 clarifying he was suing Captain Vasquez for the January 2021 incident and the Jane Doe incident happened on March 9, 2021, not January 7, 2021. (See ECF Dkt. No. 22)

In response, defendants have searched Plaintiff's disciplinary history during the time period that Plaintiff described in his December 12th letter and determined that the only adjudication date for Plaintiff that occurred in March 2021 was March 15, 2021. To the extent this is the correct date, upon information and belief the identity of the Adjudication Captain for the March 15, 2021 incident was:

Adjudication Captain Marshall, Shield No. 319

In addition, on October 25, 2023, Defendant served Plaintiff with a § 160.50 release and a HIPPA release to which Plaintiff never responded. Defendants sent a second request attaching the releases again on November 27, 2023 and again requested Plaintiff to sign and return them. On December 19, 2023 Defendants received a letter from Plaintiff in which he explicitly refused to sign either release, unless and until the Defendant complied with the Court's Valentin order. (Exhibit A, Plaintiff's Letter). Notwithstanding Defendant's compliance with the Court's Order, Plaintiff is still under his own independent obligations to furnish documents and execute releases to allow discovery to proceed.

Accordingly, Defendant respectfully requests that the Court compel Plaintiff to provide a duly executed § 160.50 and HIPPA release by a date certain, on pain of dismissal for failure to prosecute.

Defendant thanks the Court for its time and consideration herein.

Respectfully submitted,

*/s/ Joseph Zangrilli*
Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation Division

cc:     **By ECF:**
        Arthur Lamar Brown
        NYSID: 02144596M
        Plaintiff Pro Se
        North Infirmary Command
        15-00 Hazen Street
        East Elmhurst, NY 11370

2

# EXHIBIT A

SF - S. O'CONNOR

Arthur Lamar Brown  
C/o: 15-00 HAZEN STREET  
EAST ELMHURST, NY 11370  
B&C: 8852200038

December 07, 2023

RE: Arthur Lamar Brown v. City of New York et al,  
23-cv-05924

Seamus O'Connor  
Assistant Corporation Counsel  
The City of New York  
Law Department  
100 Church Street  
New York, NY 10007

  On August 17, 2023, the Court issued a Valentin Order directing the New York City Law Department to "provide Plaintiff and the Court, no later than October 16, 2023, with the identity and badge number of each JANE DOE who Plaintiff seeks to sue" ECF No. 9. On or about November 17, 2023, pursuant to the letter-motion of Defendant City of New York, ECF No. 16, the Court extended this deadline to November 30, 2023. The Court further Amended its Valentin Order to include only the identity and badge number of "Adjudication Captain JANE DOE #3".

  To the best of my own knowledge and belief, any Uniformed Employee of the NYCDOC who has attained the rank of Captain or better can log onto any Department computer, in any Department Facility, and retrieve the Name and Badge Number of "Adjudication Captain JANE DOE #3" from the information that I have provided in the original 1983 Complaint.

  It appears that instead of you retrieving this information and furnishing it to me, in compliance with your duty to obey the Courts Valentin Order, so that I may Amend and file my Amended Complaint, you have chosen to cause unnecessary delay in process by perpetuating the falsehood that you have been unable

to comply because I have not affixed my Signature to the face of a "DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS FORM" so that you can retrieve records from a sealed criminal case that (1) does not contain the identity and/or badge number of NYCDOC Adjudication Captain JANE DOE #3 (2) has absolutely nothing to do with the facts of my civil rights complaint. You have also alleged the same falsehoods in regards to the "HIPPA RELEASE FORM". Again, I fail to see the connection between my medical records and the identity and badge number of a NYCDOC Adjudication Captain.

What you want, and your fantastical reasons for wanting them, does not supersede your duty to obey the Valentin Order issued by the Court. However, after Defendant City of New Yorks Law Department has retrieved and furnished me with the identity and badge number of NYCDOC Adjudication Captain JANE DOE #3, in compliance with the Valentin Order issued by the Court, and I have Amended and filed my Amended Complaint, we can revisit what it is that you want for whatever fantastical reason you claim to want it for.

Lastly, if there is any Thing that I have said herein that is not to your liking please feel free to make good on your threats to tell the Court that you are refusing to comply with its Valentin Order for some ridiculous reason, and that you would like the Court to reward you for your disobedience by compelling me to affix my Signature to a Designation of Agent Form and returning it to you. Good Luck with that, I am actually really interested in seeing how that works out for you.

This concludes my correspondence. All rights reserved. Subscribed by my own voluntary act of hand on this 07 day of December, 2023.

Respectfully submitted,
By: *Arthur Lamar Brown*
Arthur Lamar Brown/Plaintiff

Arthur Lamar Brown
C/O: 15-00 HAZEN STREET
EAST ELMHURST, NY 11370
B&C: 8852200038

ATTN: Seamus O'Connor
Assistant Corporation Counsel
The City of New York
Law Department
100 Church Street
New York, NY 10007

"LEGAL MAIL URGENT BUSINESS"   10007-266859

NEW YORK NY 100
12 DEC 2023 PM

US POSTAGE $000.63
PITNEY BOWES
02 1P
0000943868  DEC 11 2023
MAILED FROM ZIP CODE 11370