**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___09/20/2024___

Arthur Lamar Brown,

                        **Plaintiff,**

                -against-

City of New York, et al.,

                      **Defendants.**

1:23-cv-05924 (JGLC) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JESSICA G.L. CLARKE, UNITED STATES DISTRICT JUDGE:**

*Pro se* Plaintiff Arthur Lamar Brown ("Brown" or "Plaintiff") brings this action alleging, among other claims, 42 U.S.C. § 1983 ("Section 1983") claims for violations of the Eighth and Fourteenth Amendments of the United States Constitution (including excessive force, deliberate indifference and municipal liability), as well as state law claims for intentional infliction of emotional distress, fraud, trespass and negligence in connection with incidents that occurred between May 2019 and March 2023 while he was in the custody of the New York City Department of Correction ("DOC").

Pending before the Court is a motion by Defendants City of New York ("Defendant City"), DOC Warden Ronald Miller ("Defendant Miller"), DOC Adjudication Captain Vasquez ("Defendant Vasquez"), DOC Adjudication Captain Marshall ("Defendant Marshall") and DOC Chief of Security Charlton Lemon ("Defendant Lemon" and collectively "Defendants"), to dismiss the Amended Complaint pursuant to Rules 8(a) and Rule 12(f) of the Federal Rules of Civil Procedure and, in the alternative, for a more definite statement, pursuant to Rule 12(e). (Defs.' Not. of Mot., ECF No. 35; Defs.' Mem., ECF No. 36.)

For the reasons set forth below, it is respectfully recommended that Defendants' motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be granted leave to file a Second Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff's Amended Complaint is comprised of 245 paragraphs and, including its exhibits, spans 145 pages. (Am. Compl., ECF No. 31.) After a careful and time-consuming review of this pleading, the Court summarizes Plaintiff's allegations as follows:

Despite being unable to recover in this action for any events that predate June 30, 2020,[1] Plaintiff includes allegations regarding his initial refusal and subsequent allegedly-forced signature and finger imprints on new admission intake paperwork (that he refers to as "commercial instruments") when presented before corrections officials on May 13, 2019.[2] (*See generally* Am. Compl. ¶¶ 35-46; *see also id.* at PDF pp. 109-110 (Exhibit K, supplying blank signature line and fingerprint box).) Plaintiff then "first came onto" Defendant Miller's radar in June 2020 when Plaintiff was transferred to the North Infirmary Command ("NIC") of Riker's Island ("Rikers") for allegedly escaping the George R. Vierno Center ("GRVC"). (*Id.* ¶ 58.)

For the events after June 2020, Plaintiff appears to assert in sum and substance that Defendants violated his Constitutional rights and state law while he was detained on Rikers in

---

[1] *See* Procedural History, *infra*, explaining why claims prior to this date are time-barred.

[2] Plaintiff apparently believed that signing the intake documents would have created "a binding obligation of contract [to] become an inmate of the [DOC], and acquire the duties of such member," of which he refused because he had "no obligation" to do so and did not accept what he understood to be an offer from DOC. (Am. Compl. ¶ 37.)

the facilities including the NIC, the Metropolitan Detention Center ("MDC"), and the GRVC. (*See generally* Am. Compl.)

For example, on October 17, 2022, Plaintiff requested a fully body scan and pat frisk in lieu of a required strip search pursuant to DOC directives, which was denied by Defendant Miller, in violation of DOC Policy. (Am. Compl. ¶¶ 48-50.) Defendant Miller denied similar requests to override strip searches on November 10, 2022, November 18, 2022, January 11, 2023, February 7, 2023, March 15, 2023, March 27, 2023 and March 29, 2023.[3] (*Id.* ¶¶ 51-55, 57.) Plaintiff also asserts that Defendant Miller denied Plaintiff's one hour of recreation time when he refused to be strip searched or by requiring any such outdoor time to take place in the first morning session isolated in a steel cage with contact with other inmates.[4] (*Id.* ¶¶ 62, 66.)

Plaintiff avers the above constitute violations of his due process rights, cruel and unusual punishment under the Eighth Amendment, and are the basis for state law claims for intentional infliction of emotional distress, trespass, aggravated harassment and negligence. (Am. Compl. ¶¶ 76-78, 79-84, 90, 91, 92, 93.) Plaintiff also seems to seek supervisory and deliberate indifference liability for Defendant Miller's role overseeing alleged violations of DOC personnel occurring during his tenure. (*Id.* ¶¶ 74-75, 85-87.)

---

[3] Plaintiff avers that it was within Defendant Miller's discretion to override such strip search policies because he had done so on at least five other occasions when Plaintiff was transferred to punitive segregation/solitary confinement, psychiatric facilities or other correctional centers. (Am. Compl. ¶¶ 56, 70-73.)

[4] Plaintiff also asserts that Defendant Miller retaliated against him by directing subordinate captains to approach Plaintiff every day and demand Plaintiff to strip naked, squat, and spread his buttocks apart while coughing in order to receive his one hour of outdoor recreation or deprive the same if Plaintiff refused in order to continuously humiliate Plaintiff. (Am. Compl. ¶ 92.)

Plaintiff's claims against Defendant Vazquez and Defendant Marshall similarly seem to be grounded in Plaintiff's understanding of his "commercial agreement" with DOC, alleging due process violations, cruel and unusual punishment and state law claims in connection with a sentence imposed from internal hearings held for Plaintiff's violations of Inmate Rules of Conduct. (Am. Compl. ¶¶ 94-114 (Vasquez), ¶¶ 115-30 (Marshall).) Plaintiff's claims against Defendant Lemon seem to be based upon Defendant Lemon ordering Plaintiff to be subject to punitive segregation and restrictive housing after termination of a substitute jail order and temporary alternative quarantine housing in West Facility without cause, an accusatory instrument, administrative hearing or opportunity to be heard. (*Id*. ¶¶ 136-57.) Plaintiff avers this violated his due process rights, liberty interests, Eighth Amendment rights, New York State minimum standards and state law. (*Id.*)

Plaintiff also sues Defendant City under a variety of theories including, affirmative and deliberate indifference, failure to adequately train DOC personnel (*see*, *e.g.*, Am. Compl. ¶¶ 172-75, 203-12), maintaining an unlawful history and practice of indefinite punitive segregation/restrictive housing (*id.* ¶¶ 131-33, 158-70, 176-99 213-20), imposition of forced confinement in violation of the Eighth Amendment's guarantees against cruel and unusual punishment (*id.* ¶134-35) and maintaining an unlawful strip search policy, which in turn deprived Plaintiff of medical care and access to courts. (*Id.* ¶¶ 221-28).

Plaintiff alleges claims of physical and mental abuse, insufficient medical care and efforts to conceal his mistreatment. (Am. Compl. ¶¶ 145, 178-79.) Plaintiff's alleged injuries include generalized pain and suffering, lameness, sickness and disability due to repeatedly being denied access to the dentist to address his dental concerns with pain and suffering for the same. (*Id.* ¶

4

229.) Plaintiff asserts that he suffers from severe mental, emotional, physical and psychological abuse resulting in post-traumatic stress disorder, insomnia, anxiety, panic attacks, depression and attention deficit disorder. (*Id.* ¶ 232.) Plaintiff seeks monetary damages in the form of compensatory damages, punitive damages, as well as injunctive and declaratory relief. (*Id.* ¶¶ 234-44.) The total amount sought by Plaintiff in his Amended Complaint is $99,500,000.00. (*Id.* ¶ 245.)

## PROCEDURAL HISTORY

On July 10, 2023, Plaintiff commenced this action by filing a Complaint, which included claims dating back to 2019, and consisted of 100 pages and 262 paragraphs. (*See generally* Compl., ECF No. 1.) On August 17, 2023, Judge Clarke issued (1) an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), for Defendant City to identify three Jane Doe DOC Adjudication Officers (the "*Valentin* Order"), and (2) an Order to Show Cause ("OTSC") why Plaintiff's claims arising from events occurring before June 30, 2020, should not be dismissed as time-barred since the statute of limitation on Section 1983 claims in New York is three years and Plaintiff did not supply any facts suggesting that the statute of limitations should be equitably tolled .[5] (8/17/23 Order of Service, ECF No. 9, at 2-5.) On September 20, 2023, Plaintiff's response to the Order to Show Cause was filed. (Pl.'s OTSC Resp., ECF No. 13.) On October 13, 2024, Defendant City filed a letter requesting that the Court deny Plaintiff's request that certain claims be deemed timely. (Def. City's 10/13/23 Ltr., ECF No. 15.) On October 31, 2023, Defendant City filed its Answer to the Complaint. (Def. City Answer, ECF No. 17.)

---

[5] Judge Clarke also denied Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later time. (8/17/23 Order of Service at 1, 5; *see also* Pl.'s Req. Order to Show Cause, ECF No. 4.)

On November 17, 2023, Judge Clarke issued an Order finding that Plaintiff had not met his burden to demonstrate that his hardships caused the lateness of his filings and ruled "Plaintiff's Section 1983 claims arising from events that occurred before June 30, 2020 are time-barred[,]" and dismissed nine other Defendants from this action with prejudice.[6] (11/17/23 Order, ECF No. 18, at 2-3.) Consequently, Judge Clarke relieved Defendant City as to its obligations under the *Valentin* Order for DOC Adjudication Officer Jane Doe No. 1 and DOC Adjudication Officer Jane Doe No. 2. (*Id.* at 3.)

On November 28, 2023, Defendant City supplied the identity for Adjudication Officer Jane Doe No. 3 pursuant to the *Valentin* Order, and sought to compel Plaintiff to clarify who he intended to sue. (Def. City's 11/28/22 Ltr. Mot., ECF No. 19.) Judge Clarke granted Defendant City's request and set a date certain by which Plaintiff was required to file an Amended Complaint naming Adjudication Officer Jane Doe No. 3 as a Defendant. (11/29/23 Order, ECF No. 30.) On December 22, 2023, Plaintiff's letter in response to the November 29, 2023 Order was filed to the ECF docket. (Pl.'s 12/22/23 Ltr., ECF No. 22.)

On December 26, 2023, this case was referred to the undersigned for general pretrial purposes and dispositive motions requiring a report and recommendation. (12/26/23 Order of Reference, ECF No. 23.) On February 14, 2024, Defendant Miller, Defendant Lemon and Defendant Vasquez filed their Answer to the Complaint, which was accepted for filing *nunc pro tunc*. (Defs. Miller, Lemon & Vasquez Answer, ECF No. 29-1; 2/15/24 Order, ECF No. 30.)

---

[6] Those Defendants were (1) Captain Moses #1881, (2) Correction Officer Mohamed #7586, (3) Correction Officer Omer #16031, (4) Correction Officer Porter #7592, (5) Correction Officer Wu #11367, (6) Correction Officer Kendall #9028, (7) Correction Officer Mendelsohn #17787, (8) Adjudication Officer Jane Doe #1 and (9) Adjudication Officer Jane Doe #2. (11/17/23 Order at PDF pp. 2-3.)

On March 14, 2024, Plaintiff filed an Amended Complaint, which currently is the operative pleading. (*See generally* Am. Compl.) On April 15, 2024, Defendants filed the instant motion to dismiss and its supporting papers. (Defs.' Not. of Mot.; Defs.' Mem.; Zangrilli Decl., ECF No. 37.) On May 30, 2024, Plaintiff filed his opposition papers. (Pl.'s Opp'n Aff., ECF No. 43; Pl.'s Opp'n Mem., ECF No. 44) On June 20, 2024, Defendants filed their reply. (Defs.' Reply, ECF No. 47.)

## LEGAL STANDARDS

### I.   Federal Rule of Civil Procedure 8

Rule 8(a) of the Federal Rules of Civil Procedure enumerates specific requirements for pleadings, including that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Kittay v. Kornst*ein, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Aut*h., 941 F.2d 119, 123 (2d Cir. 1991)) ("Under the Rules' liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'"); *Ercole v. Wilkie*, No. 19-CV-11961 (VSB), 2023 WL 6812300, at *3 (S.D.N.Y.

Oct. 16, 2023) ("Rule 8 reflects the principle that a pleading should give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." (citation and quotation marks omitted)). "Fair notice [is] 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'" *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

"[T]he sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law." *Williams v. Jodice*, No. 22-CV-09699 (CS), 2024 WL 3237920, at *2 (S.D.N.Y. June 27, 2024) (*citing Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial [pursuant to Rule 12(f)] . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). However, "dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

"When the court chooses to dismiss [a pleading], it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 42 (citation omitted).[7] "A complaint that is overly detailed but comprehensible does not merit

---

[7] Because district courts are provided considerable discretion whether or not to grant leave to amend that is typically not subject to review on appeal except for abuse of discretion, the Second Circuit has generally considered that it is an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not comport with Rule 8's formalities in lieu of adjudicating cases on the merits. *Salahuddin*, 861 F.2d at 42 (citing cases and secondary sources).

dismissal with prejudice." *Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (citing *Salahuddin*, 861 F.2d at 43 (2d. Cir. 1988) (affirming dismissal of convoluted and repetitive 50-page complaint with hundreds of exhibits pursuant to Rule 8).

A *pro se* plaintiff's submissions are construed "liberally and interpreted to raise the strongest argument that they suggest." *Reyes v. City of New York*, No. 23-CV-01145 (DEH), 2024 WL 3027985, at *1 (S.D.N.Y. June 14, 2024) (citing *Saeli v. Chautauqua County*, 36 F.4th 445, 457 (2d Cir. 2022)). "[T]he 'special solicitude' in pro se cases, has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8[.]" *Acevedo v. City of New York*, No. 24-CV-00558-GHW, 2024 WL 3345936, at *1 (S.D.N.Y. July 8, 2024*)* (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). "Rule 8 applies to all litigants, including those proceeding *pro se*." *Shamilov v. City of New York*, No. 20-CV-10224 (LTS), 2024 WL 708193, at *4 (S.D.N.Y. Feb. 21, 2024) (citation omitted); *see also Crichlow v. Annucci*, No. 18-CV-03222 (PMH), 2021 WL 3146241, at *2 (S.D.N.Y. July 23, 2021) ("All litigants, even pro se litigants, must comply with Rule 8(a)." (citation and footnote omitted)).

## II.    **Federal Rule of Civil Procedure 12**

### A.    **Rule 12(e)**

Rule 12(e) allows a defendant to move for a more definite statement "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice[.]" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Specifically, Rule 12(e) applies only in the following circumstances:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed

within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). "Courts may grant a motion for a more definite statement to balance the Second Circuit's direction that *pro se* pleadings be construed liberally with the needs of a respondent to address the claims against it." *Ngambo v. Soc. Sec. Admin.,* No. 23-CV-00963 (AEK), 2023 WL 8275925, at *2 (S.D.N.Y. Nov. 30, 2023) (quoting *Phipps v. City of New York*, No. 17-CV-06603 (ALC), 2019 WL 4274210, at *3 (S.D.N.Y. Sept. 10, 2019)).

In contrast to a Rule 12(b)(6) motion "for a failure to state a claim, [] a [Rule] 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." *Humpherys v. Nager*, 962 F. Supp. 347, 352-53 (E.D.N.Y.1997). A Rule 12(e) motion should be denied, however, if a complaint comports with the liberal pleading requirements of Rule 8(a). *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y.2004) (citation omitted); *see also Rodriguez v. Chex Syst., Inc.*, No. 26-CV-06086 (EAW), 2024 WL 1721337 (W.D.N.Y. Apr. 22, 2024) (cleaned up) ("However, a motion for a more definite statement should not be granted if the allegations in the complaint comply with Rule 8[.]"). Instead, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994). Rule 12(e) also serves to "'rectify incomprehensible or confused pleadings[.]'" *Brown-Carter v. Jovia Fin. Fed. Cred. Union*, No. 24-CV-03688 (HG) (ARL), 2024 WL 3659595, at *1 (E.D.N.Y. June 12, 2024) (quoting *ProBatter Sports*, 246 F.R.D. at 101).

### B.    Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

material[]" on its own, or on "motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). "Generally, motions to strike are viewed with disfavor and infrequently granted." *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (citations omitted).

## DISCUSSION

Defendants argue that, because the Amended Complaint contains "approximately 247" paragraphs of "run-on-sentences[,]" with approximately 40 exhibits, it fails to comply with Rule 8(a) and thus, should be dismissed as stricken in its entirety pursuant to Rule 12(f). (Defs.' Mem. at 5-11.) Alternatively, Defendants argue that they are entitled a more definite statement of the claims against them, pursuant to Rule 12(e). (*Id.* at 11-13.) The Court addresses these arguments in turn.

## I.    The Amended Complaint Does Not Comply With Rule 8(a)

Defendants first argue that the Amended Complaint does not comply with Rule 8(a) and should be stricken in its entirety pursuant to Rule 12(f). (Defs.' Mem. at 5-11.) Plaintiff disagrees and counters that Defendants' assertion to the contrary is "nothing more th[a]n an artfully worded compilation of distorted facts, unjustified insinuation of mental instability, and embellished falsehoods coached as facts[.]" (Pl.'s Opp'n ¶ 3.) Plaintiff also notes that Defendants previously filed pleadings in response to the initial Complaint, thus showing that they have the ability to answer the Amended Complaint. (*See id.* ¶ 8)

"The length of [a plaintiff's complaint] alone is sufficient grounds for this Court's dismissal because it is neither short nor plain." *Phipps v. City of New York*, No. 17-CV-06603 (ALC), 2019

WL 4274210, at *2 (S.D.N.Y. Sept. 10, 2019) (citing case). This includes complaints that are unduly long in page length or paragraphs.[8] *See Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (affirming dismissal of complaint 57 pages in length and 597 paragraphs). Here, the Amended Complaint is 86 pages in length (excluding exhibits) and contains 245 paragraphs, thus providing a sufficient basis for dismissal under Rule 8(a).

A review of the Amended Complaint reflects that it is neither "short" nor "plain" as required by Rule 8(a). In addition to its length, the Amended Complaint is disorganized and confusing. To Plaintiff's credit, he attempted to sort his claims under headings with respect to each Defendant. (Pl.'s Opp'n Mem. at 6.) In doing so, however, the Amended Complaint is chronologically unintelligible, repetitive and discursive. The Amended Complaint also contains many unnecessarily long paragraphs. (*See*, *e.g.*, Am. Compl. ¶¶ 85, 140.)

Courts have granted motions to dismiss on Rule 8(a) grounds where, as here, a *pro se* plaintiff's complaint is "convoluted, confusing, and difficult to comprehend." *Phipps*, 2019 WL 4274210, at *3; *see also Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (dismissing *pro se* complaint because it was convoluted, repetitive and difficult to understand), *cert. denied*, 583 U.S. 856 (2017).

---

[8] Shorter complaints also may run afoul of Rule 8. *See Owens v. State of N.Y. Att'y Gen.*, 10 F. App'x 34, 35 (2d Cir. 2001) (affirming dismissal of 55-page single-spaced complaint); *Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d Cir. 1988) (affirming dismissal of 15-page complaint for violating Rule 8).

Accordingly, it is respectfully recommended that Defendants' motion to dismiss be GRANTED for failure to comply with Rule 8(a).[9]

Further, the Court recommends that Plaintiff be given leave to file a Second Amended Complaint. "Courts often grant *pro se* plaintiffs leave to amend their submissions when they fail to meet certain procedural requirements." *Phipps*, 2019 WL 4274210 at *2 (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). "The case is no different when it comes to complaints that fall short of the requirements of Rule 8(a), which apply to plaintiffs proceeding *pro se*." *Id.* Courts often grant plaintiffs leave to amend their complaint when they run awry of the pleading standard, unless such amendment would be futile. *Id.*; *see also Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

Without substantively assessing the merits of each of Plaintiff's claims,[10] the Amended Complaint does include factual allegations against Defendants that may give rise to plausible claims. For example, Plaintiff alleges that he has been in forced confinement for over 450 days in

---

[9] The Court is cognizant of the fact that Defendants previously filed Answers to the initial Complaint, which Complaint contained 262 paragraphs. (*See* Compl.; Def. City Answer; Defs. Miller, Lemon & Vasquez Answer.) However, after the filing of the Complaint, the Court held that Plaintiff's Section 1983 claims arising from events that occurred before June 30, 2020 were time-barred. (11/17/23 Order at 2-3.) Based upon that holding, Plaintiff should not have included allegations regarding events that occurred before June 30, 2020 in his Amended Complaint, but he did so, making it unnecessarily long. Regardless, the Court finds that Defendants did not waive their right to a short and plain statement of the claims against them under Rule 8(a) by having previously responded to a prolix pleading. *See Noe v. Ray Realty*, No. 19-CV-01455 (JHR) (RFT), 2023 WL 9006285, *2 (S.D.N.Y. Dec. 27, 2023) (cleaned up) ("Put another way, answering the original complaint does not waive a defendant's right to move to dismiss an amended complaint, except with respect to objections that go to the defendant's willingness to submit a dispute to judicial resolution, such as objections to personal jurisdiction, venue, insufficiency of process and insufficiency of service of process."). Moreover, if a pleading does not meet the requirements of Rule 8(a), a court *sua sponte* may dismiss the pleading, *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995), which in the Court's view would be an appropriate course of action in the circumstances of this case.

[10] Defendants have not moved to dismiss any of Plaintiff's claims pursuant to Rule 12(b)(6). Thus, the Court need not address at this time the merits of such claims.

violation of New York State minimum standards for 24 hours a day, deprived of human contact, the ability to attend religious services, and has not received any mental health treatment for his anxiety and depression. (Am. Compl. ¶¶ 143-46.) Given the presence of possible plausible claims, it cannot be said that it would be futile for Plaintiff to file a Second Amended Complaint. It thus is respectfully recommended Plaintiff be provided leave to file a Second Amended Complaint.[11]

## II.    Defendants' Alternative Motion Pursuant To Rule 12(e) Should Be Granted

In the event that the Court declines to dismiss the Amended Complaint for violating Rule 8(a), Defendants alternatively move pursuant to Rule 12(e) for an order compelling Plaintiff to amend his pleading to comport with Rule 8. (Defs.' Mem. at 11-13.) Defendants state that, "at a minimum, plaintiff should be compelled to amend his complaint in its entirety to provide a shorter, more concise and definite statement pursuant to Fed. R. Civ. P. Rule 12(e)." (*Id.* at 11.) For the reasons set forth in Discussion Section I, *supra*, the Court agrees that Defendants are entitled to a more definite statement of Plaintiff's claims against them. Thus, it is respectfully recommended that Defendants' alternative motion pursuant to Rule 12(e) should be GRANTED.

## III.    Guidance To *Pro Se* Plaintiff In Drafting Second Amended Complaint

Mindful that the Court should be solicitous of *pro se* litigants who assert civil rights claims, and especially litigants who are incarcerated, *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir.

---

[11] In view of the Court's recommendation that the Amended Complaint be dismissed under Rule 8(a), and that Plaintiff be given leave to amend, the Court recommends that Defendants' motion to strike be DENIED AS MOOT. In any event, Defendants do not identify with specificity "any redundant, immaterial, impertinent, or scandalous material[]" that they wish to have stricken. Fed. R. Civ. P. 12(f).

2010), and should Judge Clarke adopt this Report and Recommendation, the Court offers the following guidance to Plaintiff in drafting his Second Amended Complaint:[12]

1.     The pleading should contain a short and plain statement of each claim for relief against each of the Defendants. *See* Fed. R. Civ. P. 8(a). The body of Plaintiff's pleading must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.

2.     Each allegation of the pleading must be simple, concise and direct. See Fed. R. Civ. P. 8(d)(1)

3.     Plaintiff should not include in his pleading allegations regarding any claims that arose prior to June 30, 2020, since such claims have been dismissed.

4.     If Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his pleading for each such allegation, with each paragraph specifying (a) the alleged act of misconduct; (b) the date on which such misconduct occurred; (c) the names of each individual who participated in such misconduct; (d) where appropriate, the location where the alleged misconduct occurred; and, (e) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

5.     With respect to the federal law claims referred to in Plaintiff's Amended Complaint, Plaintiff should note the following:

---

[12] Other courts have supplied *pro se* litigants drafting guidance for subsequent amended complaints. *See*, *e.g.*, *Brantley v. Fischer*, No. 12-CV-01051 (NAM) (RFT), 2013 WL 5466790, at *7 (N.D.N.Y. Sept. 30, 2013) (supplying plaintiff drafting guidance); *Heckman v. Maxamillion*, No. 08-CV-00144 (FJS) (RFT), 2009 WL 818969, at *3 (N.D.N.Y. Mar. 29, 2009) (same).

a)    To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Eagleston v. Guido*, 41 F.3d 865, 876 (2d Cir. 1994), *cert. denied*, 516 U.S. 808 (1995) (citations and internal quotation marks omitted).

i)    To state a Section 1983 claim against an individual, a plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

ii)    To prevail on a Section 1983 claim against the City, which is a municipality, a plaintiff must show that a municipal policy or custom caused the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). A municipality may not be held liable under Section 1983 on the basis of *respondeat superior*. *Id.* at 694. Rather, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . . Second, the plaintiff must establish a causal connection—an 'affirmative link'—between the policy and deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), *cert. denied*, 480 U.S. 916 (1987) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 & n.8, 828 (1985)). Therefore, in order to establish municipal liability, plaintiff must establish that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694.

b)    To succeed on a Section 1983 claim that a plaintiff was deprived of his Fourteenth Amendment right to due process, the plaintiff must establish that "(1) that he

possessed a liberty interest, and (2) that the defendant(s) deprived [them] of that interest as a result of insufficient process." *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005). A constitutionally protected "liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty' . . . or it may arise from an . . . interest created by state laws," however this standard differs for convicted prisoners and pretrial detainees. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has held with respect to convicted prisoners that, although states may still create liberty interests protected by due process:

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). A pretrial detainee, however, need not meet such a stringent standard to establish a liberty interest because "[a] detainee's interest in freedom from unjustified infliction of pain and injury is more substantial . . . ." *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001); Thus, "restrictions on pretrial detainees . . . may not amount to punishment . . . ." *Id*. (citations and internal quotation marks omitted).

   c) With respect to a Section 1983 claim for violation of Eighth Amendment rights, the Eighth Amendment prohibits "cruel and unusual" punishments; "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Eighth Amendment claims involve both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). To prove the objective component

of an Eighth Amendment conditions of confinement claim, a prisoner must show that the defendant's "act or omission . . . result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[A]n inmate can . . . prevail on an Eighth Amendment claim arising out of medical care by showing that a prison official acted with 'deliberate indifference' to the inmate's serious medical needs." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)), *cert. denied*, 543 U.S. 1093 (2005).

d)    "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment" because "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (cleaned up) (citations omitted). A detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id*. (quoting *City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983)). "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id*. (citation omitted).[13] "This means that a pretrial detainee must satisfy two prongs to prove a claim, an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—

---

[13] Even though "*Darnell* did not specifically address medical treatment, the same principle applies" in a medical context. *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019).

perhaps better classified as a '*mens rea* prong' or 'mental element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id*.

e)    In order to state a Section 1983 claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that 'hindered [his] efforts to pursue a legal claim.'" *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (quoting *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997)).

6.    With respect to the state law claims referred to in Plaintiff's Amended Complaint, Plaintiff should note the following:

a)    "Under New York law, to state a claim for intentional infliction of emotional distress, a plaintiff must plead '(1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and injury, and (4) severe emotional distress.'" *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 285 (N.D.N.Y. 2018) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). "[T]he statute of limitations for intentional torts such as . . . intentional infliction of emotional distress is one year in New York." *Id*. (quoting *Doumin v. Carey*, No. 6:06-CV-01119 (NPM) (DEP), 2008 WL 4241075, at *3 (N.D.N.Y. Sept. 12, 2008)).

b)    "Under New York law, '[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 119 (1st Dep't 2003)). Rule 9(b) of the Federal Rules of Civil Procedure sets forth a heightened pleading standard for allegations of fraud: "[i]n alleging fraud or mistake,

a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[I]n order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner*, 459 F.3d at 290 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

        c)    "Under New York law, the elements of a negligence claim are (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002) (citations omitted).

        d)    Under New York law, "[t]he elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn." *Shrage v. Con Edison Co.*, 216 A.D.3d 1023, 1025 (2d Dep't 2023). Thus, there would appear to be no plausible basis to allege a trespass claim in this case since this case does not involve Plaintiff's own land.

        e)    Because "New York law does not recognize a claim for civil harassment[,]" *Pandozy v. Tobey*, 335 F. App'x 89, 91 (2d Cir. 2009), Plaintiff should not include a claim for aggravated harassment in his pleading.

    7.    Plaintiff should consider using as a template for his pleading the form of prisoner complaint that is available on the Court's website (https://perma.cc/K24F-JARK), a copy of which is annexed as Appendix A.

8.    Plaintiff should consider consulting with the Southern District of New York's Legal Assistance Clinic (the "Clinic"), which is not part of or run by the Court, but provides legal assistance to *pro se* litigants.[14]

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be given leave to file a Second Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

Dated:    September 20, 2024
          New York, New York

_Stewart d. Aaron_
_____
**STEWART D. AARON**
**United States Magistrate Judge**

*        *        *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C.

---

[14] Effective as of October 1, 2024, the Clinic will be overseen by the New York City Bar Justice Center. Plaintiff may contact the Court after October 1, 2024 for more information.

§ 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Clarke.

THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).

# APPENDIX A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. _____

(To be filled out by Clerk's Office)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/6/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                  Middle Initial                  Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                               State                       Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____