**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Arthur Lamar Brown, | |
| Plaintiff, | |
| -against- | |
| City of New York, et al., | |
| Defendants. | |

1:23-cv-05924 (JGLC) (SDA)

ORDER REGARDING
PRO BONO COUNSEL

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's Motion for Appointment of Counsel, dated March 23, 2026, and filed April 1, 2026 (Pl's Mot., ECF No. 97). The Court directs that the Clerk of Court seek pro bono counsel to enter a notice of appearance in the above-captioned action.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts therefore must request the services of *pro bono* counsel sparingly, and with reference to public benefit, to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* 8/14/23 Court Order, ECF No. 8.) Plaintiff therefore qualifies as indigent.

Following Defendants' 1/10/25 Motion to Dismiss the Second Amended Complaint (*see* ECF No. 59), the Court issued an Order on August 19, 2025, adopting the undersigned's Report and Recommendation, such that claims alleging violations of Plaintiff's Fourth, Eighth, and

2

Fourteenth Amendment rights under 42 U.S.C. § 1983 were viable and remained pending in this action. (*See* 7/16/25 R&R, ECF No. 71; 8/19/25 Order, ECF No. 79.) Therefore, the Court finds that the foregoing claims, which are included in Plaintiff's Third Amended Complaint (*see* TAC, ECF No. 87, ¶¶ 2, 5, 6, 25, 30-31, 33, 55)[1] are "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. The issues involved in this case are complex, Plaintiff has no legal training and, because Plaintiff is currently incarcerated at the Attica Correctional Facility, Plaintiff has extremely limited access to legal resources. (*See* Pl.'s Mot., at PDF p. 1.) In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss

---

[1] Plaintiff has also added new claims against several new defendants in his Third Amended Complaint. If pro bono counsel appears in this case, such counsel shall review Plaintiff's Third Amended Complaint and advise Plaintiff on whether it is wise to proceed with these claims, or whether Plaintiff should seek to proceed only with the three claims that were not previously dismissed.

3

4

representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will seek to locate another. In either instance, Plaintiff should be prepared to proceed with the case *pro se*.

**SO ORDERED.**

Dated:    April 29, 2026
          New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

4